COOKS, J.,
dissenting.
I respectfully dissent from the portion of the majority opinion reversing the grant of Defendant’s motion to quash. The facts established on November 14, 2013, Defendants was indicted for Manslaughter. On that same date the grand jury returned a “no true bill” on the charge of Second Degree Murder. Despite that, seven months later, Defendant was indicted by another grand jury on the charge of Second Degree Murder for the same crime. Defendant then filed his Motion to Quash the second indictment alleging it violates the understanding between he and the State that all would be bound by the result of the initial grand jury. The trial court agreed with Defendant, and granted the Motion to Quash.
The trial court heard testimony from the prosecutors and defense counsel regarding the many conversations in October and November of 2013 leading up the initial grand jury proceeding. The trial court specifically found there “was a joint effort *513 to steer the grand jury towards a Manslaughter indictment.” My review of the record find ample support for this conclusion. The district attorney acknowledged it may have “suggested” that if Defendant testified and a no true bill was issued, the bill of information would be dismissed. There was also clear testimony from an assistant district attorney that defense counsel “could logically have concluded” that the charged would be dismissed once the grand jury returned a no true bill on the charge of Second Degree Murder. The trial court relied on these “admissions” by the State to find a deal binding the State to the grand jury’s result. I find no basis for the majority to reverse that decision.
The record established, in exchange for this push to get an indictment for Manslaughter, Defendant provided specific information regarding what witnesses would say, provided a specific list of witnesses and allowed his wife to testify without invoking her right to spousal privilege. By providing the list of witnesses and the key points of each witnesses’ testimony, the defense gave the prosecution an advantage they would not otherwise have had when the matter was later brought back to a second grand jury. This information was only given based on the implicit understanding that both sides would be bound by the initial grand jury’s determinations. The State violated that agreement, and the trial court did not abuse its discretion in granting the motion to quash.